STOKER, Judge.
Cleo Ives Robertson, executrix of the succession of Elma Balthazar Moran, appeals from a judgment declaring a document written by Mrs. Moran and dated December 7, 1977, to be void and of no effect on the basis that it is a prohibited substitution under LSA-C.C. art. 1520. Matthew and Marvin Jones, legatees under a valid will dated February 24, 1976, answer the appeal asking that the 1977 document be declared void on the additional basis that it is vague and ambiguous. We affirm.
The parties stipulated at trial that the document in question was written, dated, and signed by Mrs. Moran. The parties also stipulated that the “John” referred to in the document is Mrs. Moran’s husband and the “Cleo” referred to is Cleo Robertson, the executrix. The document reads as follows:
“If I should go before my husband, John, I want the piece of land on other side of road to bayou about fifty acers (sic) more or less to be his until his death then it will return to Cleo.
“I am hoping everything will work out okay. Carry out as I wish.”
We find that the trial court correctly ruled that the disputed document is void because it is a prohibited substitution under LSA-C.C. art. 1520. Mrs. Robertson’s claim that the document gives only the usufruct of the land to Mr. Moran until his death is without merit. The language used by Mrs. Moran clearly shows a directive to Mr. Moran to preserve and then deliver the property to Mrs. Robertson. The document makes no reference to use or enjoyment of the property by Mr. Moran, but says it is to be “his” and then “return” to Mrs. Robertson. See Baten v. Taylor, 386 So.2d 333 (La.1979). The language is sufficient to show that a prohibited substitution was intended.
Having determined that the disputed document is a prohibited substitution, we do not see a need to address the questions discussed in the answer to the appeal.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Cleo Ives Robertson.
AFFIRMED.